FILED

OCT 0 1 2024

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

VINCENT WOLF

Criminal No. 24-212
**[UNDER SEAL]**

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-2 | Falsification of Annual Financial Report Filed by Labor Union<br><br>On or about March 31, 2020 (Count One)<br>On or about April 6, 2021 (Count Two) | 29 U.S.C. § 439(b) |
| 3 | Embezzlement of Labor Union Assets<br><br>From in and around October 2019 and continuing thereafter to in and around April 2021 | 29 U.S.C. § 501(c) |

2

## II. ELEMENTS OF THE OFFENSES

**A.     As to Counts One and Two:**

In order for the crime of falsification of annual financial report filed by labor union, in violation of 29 U.S.C. § 439(b), to be established, the government must prove the following essential elements beyond a reasonable doubt:

1. That the labor organization alleged in the Indictment was a labor organization engaged in an industry affecting interstate or foreign commerce, which was required to file an LM-3 annual financial report with the Secretary of Labor under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, et seq.

2. That on or about the date set forth, the defendant made a written false statement or representation of material fact or failed to disclose a material fact in such LM-3 report.

3. That the defendant acted knowingly, that is, with knowledge that the statement or representation of fact was false or that he was required to disclose the omitted fact.

29 U.S.C. § 439(b).

**B.     As to Count Three:**

In order for the crime of embezzlement of labor union assets, in violation of 29 U.S.C. § 501(c), to be established, the government must prove the following essential elements beyond a reasonable doubt:

1. That on or about the date(s) set forth, the defendant was an officer or a person employed, directly or indirectly, by the labor organization.

2. That such labor organization was engaged in an industry affecting interstate or foreign commerce and was subject to the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, et seq.

2

3. That the defendant embezzled, stole, abstracted, or converted to his own use the moneys, funds, securities, property, or other assets of such labor organization.

4. That the defendant acted knowingly, willfully, unlawfully, and with fraudulent intent to deprive the labor organization of its money, funds, securities, property, or other assets.

29 U.S.C. § 501(c).

### III. PENALTIES

**A. As to each of Counts One and Two: Falsification of Annual Financial Report Filed by Labor Union (29 U.S.C. § 439(b)):**

1. A term of imprisonment of not more than one (1) year.

2. A fine not more than the greater of:

   (1) the $10,000 (29 U.S.C. § 439(b));

   or

   (3) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

3. A term of supervised release of not more than one (1) year (18 U.S.C. § 3583(b)(3)).

4. Any or all of the above.

**B. As to Count Three: Embezzlement of Labor Union Assets (29 U.S.C. § 501(c)):**

1. A term of imprisonment of not more than five (5) years.

2. A fine not more than the greater of:

(1) $10,000 (29 U.S.C. § 501(c));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2)).

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

If convicted, a mandatory special assessment of $25.00 at each of Counts One and Two, and $100.00 at Count Three, must be imposed, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case.

### VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Brendan J. McKenna*
BRENDAN J. McKENNA
Assistant U.S. Attorney
PA ID No. 314315

4